UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ROBERT BRIONES,<br><br>    Plaintiff,<br><br>v.<br><br>MENDOCINO CAFE, INC.,<br><br>    Defendant. | Case No. 23-cv-04701-RMI<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**<br><br>Re: Dkt. No. 15 |

Before the court is Defendant Mendocino Cafe, Inc.'s Motion to Set Aside Clerk's Default (Dkt. 15). The Motion is fully briefed, and the court heard oral argument on the matter on May 21, 2024. (Dkt. 21). For the reasons that follow, the court GRANTS Defendant's Motion.

**BACKGROUND**

This case arises from a visit by Plaintiff to a restaurant owned by Defendant. More specifically, Plaintiff alleges that he is a disabled person within the meaning of the Americans with Disabilities Act, and that he relies on a service animal (a dog), but that the restaurant operated by Defendant refused to seat him because of the dog.[1] *See generally, Compl.* (dkt. 1). Plaintiff filed this Complaint on September 13, 2023, the Summons was returned executed, with Defendant's answer due October 13, 2023. *See* (Dkt. 7). No answer was filed. On December 12, 2023, the undersigned held a case management conference at which no one attended. Later that day, Plaintiff filed a statement explaining the Parties' absence. *See* (Dkt. 9). Plaintiff explained that since service of the Complaint, the parties had engaged in settlement discussions, including some limited informal discovery on the part of Defendant. *Id*. at 2. Plaintiff informed the court that he would soon file a notice of settlement, or, should settlement discussions fail, Defendant would shortly file an answer. *Id*. On January 19, 2024, after no answer or any other filings had been

---

[1] This is simply a broad re-telling of the basic facts and allegations of the Complaint for the purposes of this Order.

made, the undersigned issued an Order to Show Cause requiring Plaintiff to show cause, within 21 days of the date of the order, as to why this matter should not be dismissed pursuant to Rule 41(b) for failure to prosecute. (Dkt. 11). Plaintiff filed a response to the Order in which he detailed discussions between the Parties and mailings to Defendant, including his warning that he would file a Motion for Default, and requested that the court not dismiss the case and notified the court of his intent to file an application for default if no responsive pleading was received by February 13, 2024. See Pl's. Resp. (Dkt. 12). And indeed, on February 14, 2024, Plaintiff filed an Application for Default (dkt. 13), which was granted by the Clerk the next day (dkt. 14). This brings us to the pending Motion (dkt. 15), which was filed two weeks later, on March 1, 2024.

## DISCUSSION

Under Rule 55(c), a court may set aside an entry of default for "good cause." *See* Fed. R. Civ. P.55(c). "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party.'" *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default . . . : "however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*. (citations omitted).

### *Culpable Conduct*

In evaluating this first factor, the court looks to whether Defendant intentionally failed to answer. *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc*., 2016 WL 7479368, at *3 (C.D. Cal. Aug. 10, 2016) (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (citations omitted), overruled in part on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)). However, "[i]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad

1   faith, such as an 'intention to take advantage of the opposing party, interfere with judicial
2   decisionmaking, or otherwise manipulate the legal process.'" *BioQ Pharma Inc. v. Star Cap. Invs.*
3   *LLC*, No. 23-CV-00399-AMO, 2024 WL 116306, at *2 (N.D. Cal. Jan. 10, 2024) (citations
4   omitted). "A party seeking to set aside default is not culpable – even for a knowing failure to
5   answer – if its failure to answer is for an 'understandable reason and not designed to obtain a
6   strategic advantage in the litigation.'" *Id*. (quoting *Twin Rivers Eng'g, Inc.,* 2106 WL 7479368 at
7   *3).

Based on the facts expressed in the Motion, as well as Plaintiff's detailing of the parties' interactions prior to the entry of default, Defendant's counsel's status (which is now cleared), and the statements made at the hearing by both parties, it is clear to the court that while Defendant's responsive pleading is tardy, it was not done so to gain an advantage in the litigation or otherwise act in bad faith. Rather it appears to be as a result of Defendant not properly securing counsel, combined with the hope that the Parties would resolve the matter prior to full litigation. In addition, Defendant moved quickly to have the default set aside, which "weighs in favor of finding Defendants did not engage in culpable conduct." *Id*. (finding that only waiting six weeks to file a motion to set aside default to weigh in defendants favor). According, the court finds that Defendant did not engage in any "culpable conduct" that resulted in the entry of the Clerk's default, and this factor weighs in favor of setting aside the entry of default.

### *Meritorious Defense*

To set aside an entry of default, a defendant must "make some showing of a meritorious defense." *Haw. Carpenters' Tr. Funds*, 794 F.2d at 513. The defendant's burden, however, is "not extraordinarily heavy." *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default." *Id*. (internal quotation marks and citations omitted).

*BioQ Pharma Inc.*, 2024 WL 116306, at *3.

Here Defendant has met this bar by sufficiently asserting that "at most, [Plaintiff] was asked to be patient and wait until a large enough table was available for his party of six and the dog. He was never denied service because of his service dog, nor did any staff question the legitimacy of his oral claim that the animal was actually a service dog." Def.'s Mot. (Dkt. 15) at 5.

Thus, Defendant has alleged sufficient facts to show that, if true, it has a defense against Plaintiff's ADA and Unruh Civil Rights Act claims, and this factor weighs in favor of setting aside the entry of default.

### *Prejudice*

> A plaintiff is prejudiced when the plaintiff is hindered from pursuing the claim. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also, TCI*, 244 F.3d at 701 (finding prejudice when setting aside judgment results in greater harm than delaying resolution of the case). Being forced to litigate on the merits is not prejudicial. *TCI*, 244 F.3d at 701. To constitute prejudice, the setting aside of an entry of default must result in greater harm than simply delaying resolution of the case: "For a delay to be prejudicial, it must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusions." *Yan v. Gen. Pot, Inc.*, 78 F. Supp. 3d 997, 1005 (N.D. Cal. 2015) (internal quotation marks omitted).

*BioQ Pharma Inc.*, 2024 WL 116306, at *4.

Here Plaintiff opposes Defendant's motion by stating that the delay would cause him and others with disabilities to be prejudiced. However, considering Defendant's denial of the claims and the parties extensive attempts to resolve the matter, Plaintiff is unable to show prejudice. Certainly, Plaintiff is not hindered from pursuing his claims in this matter and therefore, this favors setting aside the entry of default.

### **CONCLUSION**

Accordingly, Defendant Mendocino Cafe, Inc.'s Motion to Set Aside Clerk's Default (Dkt. 15) is **GRANTED**. Defendant shall have 28 days from the date of this order to respond to the Complaint. Further, it is **ORDERED** that the Parties shall meet and confer to discuss what provisions of General Order 56 may still be applicable in this case and whether this case would benefit from early mediation with a magistrate judge. The parties will file a joint notice regarding early mediation and proposed case management dates within 21 days of the date of this order.

**IT IS SO ORDERED.**

Dated: June 12, 2024

_____
ROBERT M. ILLMAN
United States Magistrate Judge

4